United States District Court
Southern District of Texas

**ENTERED**

May 24, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CASSANDRA BENTON, *Plaintiff* | § § § | |
| V. | § § | CIVIL ACTION NO. 4:24-CV-0112 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *Defendant.* | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

On January 10, 2024, Plaintiff filed a form "Complaint for a Civil Case Alleging Negligence" for use in a case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[1]  ECF 1.  The Complaint shows that Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.  *Id.*  The named Defendant is the Texas Department of Criminal Justice, a state agency that is also a citizen of Texas for purposes of diversity jurisdiction.  ECF 1; *Thomas v. Windham Sch. Dist.*, No. 123CV00228MACZJH, 2023 WL 7817965, at *2 n.3 (E.D. Tex. Oct. 10, 2023) (noting that "[a]s a state agency, TDCJ is an alter ego of the State of Texas, and in an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship."), report and recommendation adopted, No. 1:23-cv-00228,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

2023 WL 7706265 (E.D. Tex. Nov. 14, 2023).  The Complaint contains few factual allegations.  However, it expressly alleges "gross negligence" and denial of "the rights of a citizen (Cassandra Benton) in the Statute of Limitations."  ECF 1 at 3-4. The Complaint does not cite any federal statute or constitutional provision.  *See* ECF 1.  The Complaint does not allege federal subject matter jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  Federal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Plaintiff's pleading fails to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 governing federal question jurisdiction or 28 U.S.C. § 1333 governing diversity of citizenship jurisdiction.  This case should be dismissed without prejudice for lack of subject matter jurisdiction.  *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (holding that dismissal of a case for lack of subject matter jurisdiction is without prejudice).

This case is also subject to dismissal without prejudice for failure to prosecute because Plaintiff has not paid the filing fee, applied to proceed in forma pauperis, or caused summons to issue in order to effect service.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Federal Rule of Civil Procedure 41(b) for district court's authority to dismiss an action for failure to prosecute or comply

with any court order).

The court possesses the inherent authority to dismiss an action sua sponte without motion by a defendant as long as the procedure is fair. *Id.* (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair). Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss and Plaintiff has 14 days to file an objection and explain why his case should be allowed to proceed. *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

The Complaint in this case fails to state a basis for federal subject matter jurisdiction. Given the nature of the pleading in this case, and the fact that Plaintiff filed a second, similar case in federal court on the same day as this one, *Benton v.*

*Texas Department of Criminal Justice*, 4:24-cv-0113, the Court finds granting leave to amend would be futile and create duplicative litigation.  Therefore, the Court RECOMMENDS that the District Judge sua sponte dismiss this case without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 23, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge