United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CASSANDRA BENTON, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-00112 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| Defendant. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Plaintiff Cassandra Benton, proceeding *pro se*, filed this lawsuit alleging negligence against the Texas Department of Criminal Justice. Dkt 1.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan, recommending that this case be dismissed without prejudice for lack of federal subject matter jurisdiction. Dkt 12. The Memorandum and Recommendation recommends denying leave to amend because amendment would be futile and create duplicative litigation. Id at 3–4.

Plaintiff filed objections. Dkt 13. Much is not understandable, but she does suggest that subject matter jurisdiction exists based on a federal question. Id at 1, 3.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no

clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

It's clear from the face of the complaint that Plaintiff raised no federal question. Dkt 1. Her objections purport to refer to supposed constitutional issue. Dkt 13 at 3. But there is no articulation of law or citation to support contention that the state law gross negligence claim asserted in her complaint presents a federal question. This objection will thus be overruled.

The remainder of Plaintiff's narrative doesn't clearly or understandably articulate any specific objection. Thus, nothing else remains to be considered.

Upon *de novo* review and determination, it is determined that the objections lack merit for the reasons stated by the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 13.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 12.

This case is thus DISMISSED WITHOUT PREJUDICE.

Leave to amend is DENIED.

A final judgment will issue by separate order.

SO ORDERED.

Signed on June 26, 2024, at Houston, Texas.

*[signature: Chs R Eskridge II]*
Hon. Charles Eskridge
United States District Judge

2